IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

BRAD RILEY, §
on behalf of himself and all others §
similarly situated, §
§
Plaintiff, §
§ CIVIL ACTION NO: 7:16-cv-64
vs. §
§
FRANK'S INTERNATIONAL, LLC, §
§
§
Defendant. §

# COMPLAINT

Plaintiff Brad Riley, on behalf of himself and all others similarly situated, for his Complaint against Frank's International, LLC states and alleges as follows:

### SUMMARY

1. Frank's International, LLC. (hereinafter "Defendant") required and/or permitted Brad Riley and other similarly situated employees to work in excess of forty hours per week at their facilities but failed to compensate them at the correct rate of overtime pay required by law.

2. Defendant's conduct is in violation of the Fair Labor Standards Act ("FLSA"), which requires employers to compensate non-exempt employees for their overtime work and time-and-one-half their regular rate of pay. *See*, 29 U.S.C. § 207(a).

3. Plaintiff Brad Riley ("Plaintiff") and other similarly situated employees are FLSA non-exempt workers who have been denied properly calculated overtime pay required by law, for which they now seek recovery.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Western District of Texas because Defendants engages in business here.

### THE PARTIES

6. Plaintiff Brad Riley is a resident of Waller, Texas. Mr. Riley's written consent to this action is attached as Exhibit "A."

7. Plaintiff Brian Lindsey is a resident of College Station, Texas. Mr. Lindsey's written consent to this action is attached as Exhibit "B."

8. Plaintiff Cason Lindsey is a resident of College Station, Texas. Mr. Lindsey's written consent to this action is attached as Exhibit "C."

9. Plaintiff Daniel Toler is a resident of College Station, Texas. Mr. Toler's written consent to this action is attached as Exhibit "D."

10. Plaintiff Angel Carrasquillo is a resident of Odessa, Texas. Mr. Carrasquillo's written consent to this action is attached as Exhibit "E."

11. Plaintiff Jamie McCullough is a resident of Albany, Texas. Mr. McCullough's written consent to this action is attached as Exhibit "F."

12. The Class Members are persons employed at any time during the three year period immediately preceding the filing of this suit who were assigned to Defendant's Case Running Tools division and who were paid on an hourly, day rate, and/or piece rate (i.e, casing footage pay) basis, and who received non-discretionary payments for "auto expense," safety bonuses, travel pay, per diem pay, and or casing footage pay.

13. Defendant Frank's International, LLC, is a domestic limited liability company with its principle place of business in Houston, Texas. Service of process may be had on Defendant through its registered agent: Brian D. Baird, 10260 Westheimer, Suite 700, Houston, Texas 77042 or wherever he may be found.

## COVERAGE

14. Defendant is an enterprise that engages in commerce or in the production of goods for commerce.

15. Defendant acted, either directly or indirectly, in the interest of an employer with respect to each Plaintiff and Class Members.

16. Accordingly, Defendant is both a covered "enterprise" and an "employer" under the FLSA.

17. Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

18. Defendant employed Plaintiff and Class Members providing casing delivery and installation services to Defendant's customers in the oil and gas industry.

19. Defendant paid employees working in its Case Running Tool division on an hourly, day rate, and/or piece rate (i.e, casing footage pay) basis.

20. Defendant also made non-discretionary payments to Plaintiff and the Class Members for "auto expense," safety bonuses, travel pay, per diem pay, and or casing footage pay.

21. These non-discretionary payments were substantial in amount relative to the employees' base hourly wage or regular rate of pay

22. Defendant did not include these various non-discretionary payments in calculating employees' regular or overtime rates of pay.

23. Plaintiff and Class Members regularly worked in excess of forty hours in a workweek, working on average eighty plus hours a week.

## CLASS ALLEGATIONS

24. Plaintiff has actual knowledge that Defendant denied other Class Members overtime pay at the proper rate for hours worked over forty in a workweek.

25. Although Defendant has suffered, permitted, and/ or required Plaintiff and Class Members to work in excess of forty hours per week, Defendant has denied them full compensation for their hours worked over forty.

26. Plaintiff and Class Members perform or have performed the same or similar work.

27. Class Members are similar to Plaintiff in terms of pay structures and the denial of overtime pay.

28. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from a single decision, policy or plan and does not depend on the personal circumstances of the Class Members.

29. Plaintiff's experiences are typical of the experiences of the Class Members.

30. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

31. All Class Members, irrespective of their particular job requirements, are entitled to proper overtime compensation for hours worked in excess of forty during a workweek.

32. Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

33. The class of similarly situated plaintiffs is properly defined as follows:

**All persons employed by Defendant at any time during the three year period immediately preceding the filing of this suit who were assigned to Defendant's Case Running Tools division and who were paid on an hourly, day rate, and/or piece rate (i.e, casing footage pay) basis, and who received non-discretionary payments for "auto expense," safety bonuses, travel pay, per diem pay, and or casing footage pay.**

### CAUSES OF ACTION

34. Plaintiff incorporates all allegations contained in the preceding paragraphs.

35. At all relevant times Plaintiff and Class Members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

36. Defendant's failure to pay overtime compensation to Plaintiff and Class Members at the correct rate violates the FLSA.

37. Accordingly, Plaintiff and Class Members are entitled to additional overtime premiums.

38. Additionally, Plaintiff and Class Members are entitled to an amount equal to their underpaid overtime wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

39. Defendant has acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and Class Members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to 29 U.S.C. § 216(b).

40. Alternatively, should the Court find Defendant acted in good faith and that they had reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, Plaintiff and Class Members are entitled to an award of prejudgment interest at the applicable legal rate.

41. Plaintiff and the Class Members are entitled to have the limitations period extended to three years because Defendant's actions were willful. 29 U.S.C. § 216(b).

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding him and Class Members:

A. proper overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times their regular rates, including non-discretionary revenue bonuses;

B. an equal amount as liquidated damages as allowed under the FLSA;

C. damages accrued for a three year period;

D. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

E. pre-judgment and post judgment interest at the highest rates allowed by law; and

F. such other relief as to which Plaintiff and Class Members may be entitled.

Respectfully Submitted:

THE YOUNG LAW FIRM, P.C.
Jeremi K. Young, State Bar No. 24013793
1001 S. Harrison, Suite 200
Amarillo, Texas 79101
(806) 331.1800

Fax: (806) 398.9095
jyoung@youngfirm.com